UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
101 Eisenhower Parkway, STE 412
Roseland, New Jersey 07068
Tel:  (973) 287-0966
Fax:  (973) 226-4104
*Counsel to the Debtor and*
*Debtor-in-Possession*

| | |
|---|---|
| In re:<br><br>Paxe Latitude LP,<br><br>               Debtor. | Chapter 11<br><br>Case No. 23-11337 (CMG) |

**NOTICE OF DEBTOR'S MOTION PURSUANT TO 11 U.S.C.
§§ 105(a) AND 363 (b) AUTHORIZING THE EMPLOYMENT
OF PHILLIP WRIGHT OF GUARDIAN CLAIMS USA**

**PLEASE TAKE NOTICE** that on the date hereof, the above-captioned debtor and debtor in possession (the "***Debtor***") filed the above-referenced motion (the "***Motion***") with the United States Bankruptcy Court for the District of New Jersey (the "***Court***").

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of New Jersey and shall be filed with the Court electronically by registered users of the Court's case filing system, and by all other parties in interest, on a compact disc or flash drive (preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format) with a hard copy delivered to the chambers of the Honorable Christine M. Gravelle and shall be served so as to be actually received by no later than

**September 12, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "*Objection Deadline*") by the following: A.Y. Strauss LLC, 101 Eisenhower Parkway, Suite 412, Roseland, New Jersey 07068, Attn: Eric H. Horn, Esq.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider such Motion and any objections related thereto will be held (in the event of any such objections or responses) before the Honorable Christine M. Gravelle of the United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, New Jersey 08608 on **September 19, 2023 at 10:00 a.m. (prevailing Eastern Time)**.

Dated: August 15, 2023
Roseland, NJ

**A.Y. STRAUSS LLC**

By: */s/ Eric H. Horn*
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
101 Eisenhower Parkway, STE 412
Roseland, New Jersey 07068
Tel: (973) 287-0966
Fax: (973) 226-4104

*Counsel to the Debtor and*
*Debtor-in-Possession*

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**A.Y. STRAUSS LLC**<br>Eric H. Horn, Esq.<br>Heike M. Vogel, Esq.<br>Maria A.G. Harper, Esq.<br>101 Eisenhower Parkway, STE 412<br>Roseland, New Jersey 07068<br>Tel:  (973) 287-0966<br>Fax:  (973) 226-4104<br><br>*Counsel to the Debtor and*<br>*Debtor-in-Possession* |

| | |
|---|---|
| In re:<br><br>Paxe Latitude LP,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 23-11337 (CMG) |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 363 (b) AUTHORIZING THE EMPLOYMENT OF PHILLIP WRIGHT OF GUARDIAN CLAIMS USA**

Paxe Latitude LP, the debtor and debtor-in-possession herein (the "***Debtor***"), moves this Court ("***Motion***") pursuant to 11 U.S.C. §§ 363(b) and 105(a) for entry of an order authorizing the employment of Phillip Wright of Guardian Claims USA (the "***Insurance Adjuster***"), and respectfully states:

**JURISDICTION AND VENUE**

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are 11 U.S.C. §§ 363(b) and 105(a).

## BACKGROUND

3. On February 20, 2023 (the "***Petition Date***"), the Debtor filed a voluntary petition for chapter 11 relief under title 11 of the United States Code (the "***Bankruptcy Code***") with the United States Bankruptcy Court for the District of New Jersey (the "***Court***").

4. The Debtor's chapter 11 case (the "***Chapter 11 Case***") is designated as a single asset real estate and is governed by the statutes and rules associated with such designations.

5. The Debtor continues in possession of its property and the management of its business affairs as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee, examiner or statutory committee has been appointed.

7. The Debtor is the owner of the real property located at 521, 525 and 529 Sawyer Boulevard, Columbus, Ohio 43203 (the "***Property***").

8. In late December of 2022, as a result of damage to the Property caused by extreme weather conditions, all of the tenants (the "***Tenants***") at the Property were forced to vacate the Property and leave their belongings behind.

9. The Debtor is seeking to employ the Insurance Adjuster pursuant to the terms of the agreement annexed hereto as <u>Exhibit A</u> dated as of January 10, 2023 (the "***Agreement***").

10. Under the terms of the Agreement, the Insurance Adjuster shall receive as compensation ten percent (10%) of all insurance proceeds collected.

## RELIEF REQUESTED

11. By this Motion, the Debtor requests pursuant to Bankruptcy Code sections 363(b) and 105(a) to employ the Insurance Adjuster pursuant to the term of the Agreement.

## BASIS FOR REQUESTED RELIEF

12. The Debtor, in the exercise of its business judgment, seeks the Court's approval to employ the Insurance Adjuster pursuant to the terms of the Agreement. The Debtor believes that the Insurance Adjuster is not the type of professional that requires approval pursuant to section 327 of the Bankruptcy Code. Indeed, the phrase "professional persons" is not defined in the Bankruptcy Code. However, in *In re Seatrain Lines*, *Inc.,* 13 B.R. 980, 981 (Bankr. S.D.N.Y. 1981), the court defined professional persons as "persons in those occupations which play a central role in the administration of the debtor proceeding"; *see also In re Livore*, 473 B.R. 864, 870 (Bankr. D.N.J. 2012) (finding that a property manager was not a "professional" where it did not play a role in the administration of the debtor's bankruptcy case); *In re Johns-Manville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("the phrase 'professional persons,' as used in § 327, is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate").

13. The Insurance Adjuster should not be deemed a "professional" for the purpose of retention under Bankruptcy Code section 327(a), but the Debtor should be authorized to employ the same because its services are necessary to the administration of the Debtor's Chapter 11 Case and are critical to the funding of the Debtor's plan of reorganization and evidencing the feasibility thereof.

14. Bankruptcy Code section 363(b) governs transactions outside the ordinary course of business involving property of the debtor's estate. Specifically, that section provides, in relevant part, that, "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of

3

business, property of the estate…." 11 U.S.C. § 363(b).  The Debtor's use of property of the estate outside the ordinary course of business should be approved by the Court if the Debtor can demonstrate a sound business justification for the proposed transaction. See *In re Chrysler LLC*, 576 F.3d 108, 117-18 (2d Cir. 2009), citing *In re Iridium Operating LLC*, 478 F.3d 452, 466 (2d Cir. 2007) ("In this Circuit, the sale of an asset of the estate under § 363(b) is permissible if the 'judge determining [the] § 363(b) application expressly find[s] from the evidence presented before [him or her] at the hearing [that there is] a good business reason to grant such an application.'").

15.  In addition, Bankruptcy Code section 105(a) grants the Court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a). This provision is "the basis for a broad exercise of power [by the Court] in the administration of a bankruptcy case." *In re Flores*, 291 B.R. 44, 54 (Bankr. S.D.N.Y. 2003).

16.  The Debtor submits that the Insurance Adjuster's employment is certainly an exercise of sound business judgment because without such employment, the Debtor is unable to accomplish its critical goal of maximizing and realizing the value of the insurance claim.

## NO PRIOR REQUEST

17.  No prior request for the relief sought herein has been made to this Court or any other court.

## NOTICE

18.  Notice of this Motion will be given to: (i) the Office of the United States Trustee for the District of Jersey; (ii) counsel to the City of Columbus; (iii) counsel to Lument Commercial Mortgage;

4

(iv) counsel to the proposed DIP Lender; (v) the Insurance Adjuster; (vi) counsel to Legal Aid of Columbus; and (vii) all creditors in this case. The Debtor submits that no other or further notice is required.

## **CONCLUSION**

**WHEREFORE**, for the reasons set forth herein, the Debtor respectfully requests that this Court enter an , substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated: August 15, 2023

                                        **A.Y. STRAUSS LLC**

                                By: */s/ Eric H. Horn*
                                        Eric H. Horn, Esq.
                                        Heike M. Vogel, Esq.
                                        101 Eisenhower Parkway, Suite 412
                                        Roseland, New Jersey 07068
                                        Tel. (973) 287-5006
                                        Fax  (973) 226-4104

                                        *Counsel to the Debtor*
                                        *and Debtor-in-Possession*

Exhibit A

Case 23-11337-CMG    Doc 169    Filed 08/15/23    Entered 08/15/23 09:22:49    Desc Main
Document      Page 8 of 14

Exhibit A

**Phillip Wright**
**501 East Las Olas Blvd Suite 300**
**Fort Lauderdale FL 33301**
**954-812-5005**
**Phill@GuardianClaimsUSA.com**
**Guardian Claims USA**
**NPN: 16366230, License Number: 1435413**

# Public Adjuster Contract

This Public Adjuster Contract (hereafter referred to as "Agreement") is entered into between Insured(s) ("Insured") <u>Pax Latitude LP</u>, located at <u>521,525,529 Sawyer Blvd, Columbus, OH 43203</u> insured by <u>Great American</u> insurance company with policy Number <u>MAC E600543 02 00</u> and **Phillip Wright** employed by **Guardian Claims USA** ("Public Adjuster"), doing business at 501 East Las Olas Blvd, Suite #300 Fort Lauderdale FL 33301 with a business phone number of **954-812-5005** for the following described services relating to a claim caused by <u>Water</u> which occurred on **date of loss** 12/25/22 at approximately <u>NA</u> located at <u>521,525,529 Sawyer Blvd, Columbus, OH 43203</u>.

Pursuant to the following terms and conditions, the parties agree to the following:

1. **Term:** This Agreement shall become effective upon the full execution of all signatories of this Agreement. No work shall commence until all parties have signed.
2. **Services:** Public Adjuster will act as a public insurance adjuster on behalf of Insured and provide the following services.
3. **Fees for Services:**

    a. Insured understands and agrees that Public Adjuster shall recover its fees based on the amount recovered from an insurance company for the loss. Public Adjuster's fee shall be due and payable within five business days of the insurance company making a payment to the insured. Payments from the insurance company may not be mailed directly to the Public Adjuster. Public Adjuster may not collect the entire fee from the first check.

    b. The amount of the Public Adjuster's fee shall be computed as follows: **Ten/10** percent%) of all sums recovered under the insurance contract for this claim. The Insured understands that Public Adjuster may not charge a commission more than 20% of the amount of the insurance settlement claim paid by the insurer on any claim resulting from a catastrophic event The Insured also understands that this amount will be his or her obligation as the Insured and is not provided as a part of any insurance policy. As security for payment of the policyholder's obligation to **Guardian Claims USA** hereunder assigns **Guardian Claims USA** that portion/s of the proceeds sufficient to pay **Guardian Claims USA** as determined in accordance with this agreement. **Guardian Claims USA** is granted limited power of attorney to endorse and file all documents on behalf of the policyholder to obtain settlement.

    c. Initial expenses to be reimbursed to the Public Adjuster from the proceeds of the claim are as follows: <u>Not Applicable at this time</u> Any additional expenses to be reimbursed to the Public Adjuster must first be approved by the Insured in writing and specified by payment type with dollar amounts estimated and kept in the records of this Insured by the public adjuster.

4. **Cancellation of Contract**: The Insured may cancel this Agreement without penalty or obligation:

    a. Within five **(5) business days** after the date on which this contract is executed and delivered to the Insured. The Insured **must** provide notification to cancel the contract in writing by either (1) certified or registered mail, return receipt requested, to the address shown on the contract or (2) personally serving notice on the Public Adjuster, or

    b. Within five (5) business days after the date on which the Insured or Public Adjuster has notified any insurance company of the claim, by phone or in writing, whichever is later. The Insured must provide notification to void the contract in writing by either (1) certified or registered mail, return receipt requested, to the address shown on the contract or (2) personally serving notice on the Public Adjuster.

    c. If the Insured cancels the contract, the Public Adjuster shall return anything of value given to Public Adjuster by the Insured, within fifteen (15) days of the receipt of notice.

5. **Miscellaneous**:

    a. Parties understand and agree that an insurer will always provide an adjuster for the settlement of any claim at no charge to the Insured. If the insurer, not later than five business days after the date on which the loss is reported to the insurer, either pays or commits in writing to pay the Insured the policy limit(s) of the insurance policy, the Public Adjuster shall not receive a commission consisting of a percentage of the total amount paid by an insurer to resolve a claim, and shall be entitled only to reasonable compensation from the Insured for service provided by the Public Adjuster on behalf of the Insured, based on the time spent on a claim and expenses incurred by the Public Adjuster, until the claim is paid or the Insured receives a written commitment to pay from the insurer.

b. Public Adjuster agrees and understands that he or she must be in compliance with all Federal and State Statutes and Rules.

c. Public Adjuster is prohibited from providing legal advice or representation to the Insured or engaging in the unauthorized practice of law.

d. Public Adjuster acknowledges that he or she is fully bonded pursuant to State Law.

e. This written contract shall constitute the entire agreement between the Public Adjuster and the Insured.

f. Public Adjuster and Insured agree and acknowledge that Public Adjuster must provide Insurer with the FULL FINANCIAL INTEREST DISCLOSURE prior to making any service provider recommendations.

g. This agreement and all disclosures were executed in duplicate, with both the Insured and Public Adjuster receiving an original copy.

By executing below, Insured and Public Adjuster specifically agree to be bound by this Agreement. Insured hereby acknowledges that the Public Adjuster that solicited this Agreement has signed below.

THIS AGREEMENT IS SUBJECT TO LENDERS CONSENT AND ANY CHANGES THEY MAY PRESENT IF NECESSARY.

*DocuSigned by:* [signature]
Insured Signature
**(Full Name)**

Date: 1/10/2023    Time: 10:39AM

_____

*DocuSigned by:* Phillip Wright
Public Adjuster Signature **Phillip Wright**
NPN: 16366230, License Number: 1435413

Date: 1/10/2023    Time: 4:10pm

Phillip Wright
501 East Las Olas Blvd Suite 300
Fort Lauderdale FL 33301
954-812-5005
Phill@GuardianClaimsUSA.com
Guardian Claims USA
NPN: 16366230, License
Number:
1435413

Proposed Order

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1**

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
101 Eisenhower Parkway, STE 412
Roseland, New Jersey 07068
Tel: (973) 287-0966
Fax: (973) 226-4104

*Counsel to the Debtor and*
*Debtor-in-Possession*

| | |
|---|---|
| In re:<br><br>Paxe Latitude LP,<br><br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 23-11337 (CMG) |

**ORDER APPROVING THE DEBTOR'S EMPLOYMENT**
**OF PHILLIP WRIGHT OF GUARDIAN CLAIMS USA**

The relief set forth on the following page, numbered two (2) through two (2), is hereby

**ORDERED.**

Page: 2
Debtor: Paxe Latitude LP
Case No.: 23-11337 (CMG)
Caption: *ORDER APPROVING THE DEBTOR'S EMPLOYMENT OF PHILLIP WRIGHT OF GUARDIAN CLAIMS USA*

___

Upon consideration of the Debtor's motion to employ Phillip Wright of Guardian Claims USA (the "**Motion**");[1] and the matter having come before this Court on September 19, 2023 (the "**Hearing**"); and notice of the Motion and Hearing are proper; and due consideration having been given to any responses filed thereto; and upon the record established at the hearing; and sufficient cause having been shown therefor, it is hereby

**ORDERED**, that the Debtor's employment of Phillip Wright of Guardian Claims USA pursuant to the Agreement annexed as Exhibit A to the Motion is approved; and it is further

**ORDERED**, that Phillip Wright of Guardian Claims USA is not a professional that requires employment under Bankruptcy Code § 327 and that its employment is appropriate under Bankruptcy Code § 363(b) as a transaction outside the ordinary course of business of the Debtor; and it is further

**ORDERED**, that provided that the payment terms in the Agreement are adhered to, no further order is required for the Debtor to make payment under the Agreement; and it is further

**ORDERED**, that this Court shall retain jurisdiction with regard to any disputes arising in connection with this Order.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.