UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
Maria A.G. Harper, Esq.
101 Eisenhower Parkway, STE 412
Roseland, New Jersey 07068
Tel:  (973) 287-0966
Fax:  (973) 226-4104

*Counsel to the Debtor and*
*Debtor-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| Paxe Latitude LP, | Case No. 23-11337 (CMG) |
| Debtor. | |

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING THE DEBTOR'S SETTLEMENT WITH ITS FORMER TENANTS

Paxe Latitude LP, the debtor and debtor-in-possession herein (the "***Debtor***"), hereby moves this Court ("***Motion***") for entry of an order approving a certain settlement agreement (the "***Settlement Agreement***") between the Debtor, the City of Columbus, and the Debtor's former tenants, annexed hereto as **Exhibit A**, and respectfully states as follows.

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are 11 U.S.C. § 105(a) and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3. On February 20, 2023 (the "*Petition Date*"), the Debtor filed a voluntary petition for chapter 11 relief under title 11 of the United States Code (the "*Bankruptcy Code*") with the United States Bankruptcy Court for the District of New Jersey (the "*Court*").

4. The Debtor's chapter 11 case (the "*Chapter 11 Case*") is designated as a single asset real estate and is governed by the statutes and rules associated with such designations.

5. The Debtor continues in possession of its property and the management of its business affairs as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee, examiner or statutory committee has been appointed.

7. The Debtor is the owner of the real property located at 521, 525 and 529 Sawyer Boulevard, Columbus, Ohio 43203 (the "*Property*").

8. In late December of 2022, as a result of damage to the Property caused by extreme weather conditions, all of the tenants (the "*Tenants*") at the Property were forced to vacate the Property and leave their belongings behind.

9. The purpose of this Motion to seek approval of a certain settlement giving the tenants a long overdue settlement amount among other things.

## RELIEF REQUESTED

10. By this Motion, the Debtor is requesting the entry of an order approving the Settlement Agreement.

## SALIENT TERMS OF SETTLEMENT AGREEMENT

11. The following are the salient terms of the Settlement Agreement:

   (a) Debtor will provide $1.525 to tenant fund which will be distributed to tenants by legal aid.

   (b) Debtor will earmark $100,000 for payment of management fees to New Perspective Management.

   (c) City will agree to reduce $2.5 million judgment against the Debtor on account of tenant issues to $1.5 million

   (d) Debtor will receive releases from tenants that do not specifically opt out or settlement.

## BASIS FOR RELIEF

12. Bankruptcy Rule 9019(a) authorizes a court, after notice and a hearing, to approve a compromise or settlement of a controversy, providing, in relevant part, that "[o]n motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Bankruptcy courts will generally approve a settlement pursuant to Rule 9019 if the settlement is in the best interest of the debtor's estate. *See Vaughn v. Drexel Burnham Lambert Grp., Inc.* (*In re Drexel Burnham Lambert Grp., Inc.*), 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

13. Settlements approved under Rule 9019 need not result in the best possible outcome for the debtor, but must not "fall below the lowest point in the range of reasonableness." *Id.*; *see also Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983); *In re Ashford Hotels Ltd.*, 226 B.R.

3

797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.").

14. The standard is deferential, in part, because compromises are favored in bankruptcy since "they minimize the costs of litigation and further the parties' interest in expediting the administration of a bankruptcy estate." *O'Connell v. Packles* (*In re Hilsen*), 404 B.R. 58, 69 (Bankr. E.D.N.Y. 2009). Additionally, courts generally exercise their discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

15. Although a court must "evaluate . . . all . . . factors relevant to a fair and full assessment of the wisdom of the proposed compromise," *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424–25 (1968), a court need not conduct a "mini-trial" of the merits of the claims being settled, *W.T. Grant Co.*, 699 F.2d at 608, or conduct a full independent investigation. *In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991).

16. Courts generally will consider whether a settlement is above the lowest range of reasonableness by determining whether the settlement is "fair and equitable" and "in the best interests of the estate." *TMT Trailer Ferry*, 390 U.S. at 424; *Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Trust Co.* (*In re Ionosphere Clubs, Inc.*), 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994) (a Court need only find that the settlement is fair and equitable, reasonable, and in the best interests of the debtors' estate).

17. Courts will also consider, where relevant, the following factors: (i) the complexity and likely expenses and duration of litigation; (ii) the balance between the likelihood of success compared to the present and future benefits offered by the litigation; (iii) the risk of establishing liability and damages; (iv) the relative benefits achieved through settlement; (v) creditor support for the settlement; and (vi) the reasonableness of the settlement in light of all the attendant risks of litigation. *See Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994).

18. The Settlement Agreement settles the most pressing issue in the Debtor's chapter 11 case. It is critical that the tenants receive access to the settlement funds as soon as possible. These funds will provide the tenants with cash and access to their belongings. The terms were heavily negotiated at arms' length. The Debtor submits that absent the entry into this Settlement Agreement is in the best interest of the Debtor and its estate and more importantly, to the tenants.

19. Importantly, the settlement is to be funded from the DIP financing, which is presently before the court for approval.

20. Thus is respectfully submitted that the Settlement Agreement is in the best interest of the Debtor's estates, is fair and equitable, and rises well above the lowest range of reasonableness and should be approved.

## **NO PRIOR REQUEST**

21. No prior request for the relief sought herein has been made to this Court or any other court.

## NOTICE

22.     Notice of this Motion will be given, by ECF and email, to: (i) the Office of the United States Trustee for the District of Jersey; (ii) counsel to the City of Columbus; (iii) counsel to Lument Commercial Mortgage; (iv) counsel to the proposed DIP Lender; and (v) and counsel to Legal Aid of Columbus.  The Debtor submits that any other notice requirements be waived.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Debtor respectfully requests that this Court enter an order, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated: August 15, 2023

**A.Y. STRAUSS LLC**

By: */s/ Eric H. Horn*
    Eric H. Horn, Esq.
    Heike M. Vogel, Esq.
    101 Eisenhower Parkway, Suite 412
    Roseland, New Jersey 07068
    Tel. (973) 287-5006
    Fax  (973) 226-4104

    *Counsel to the Debtor
    and Debtor-in-Possession*

## **EXHIBIT A**

## **EXHIBIT A**

Settlement Agreement

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1**

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
Maria A.G. Harper, Esq.
101 Eisenhower Parkway, STE 412
Roseland, New Jersey 07068
Tel:  (973) 287-0966
Fax:  (973) 226-4104

*Counsel to the Debtor and
Debtor-in-Possession*

In re:

Paxe Latitude LP,

               Debtor.

Chapter 11

Case No. 23-11337 (CMG)

## STIPULATION AND AGREED ORDER BETWEEN THE DEBTOR, LEGAL AID SOCIETY OF COLUMBUS, AND THE CITY OF COLUMBUS, WITH REGARD TO FORMER TENANTS OF THE DEBTOR'S REAL PROPERTY

The relief set forth on the following pages, numbered two (2) through and including ten (10), is hereby **ORDERED**.

Page:  2
Debtor: Paxe Latitude LP
Case No.: 23-11337 (CMG)
Caption: STIPULATION AND AGREED ORDER BETWEEN THE DEBTOR, LEGAL AID SOCIETY OF COLUMBUS, AND THE CITY OF COLUMBUS, WITH REGARD TO FORMER TENANTS OF THE DEBTOR'S REAL PROPERTY

_____

This Stipulation and Agreed Order (the "Stipulation and Agreed Order") is entered into this 15th day of August 2023, by and among Paxe Latitude LP (the "Debtor"), Legal Aid Society of Columbus, Ohio ("Legal Aid"), and the City of Columbus (the "City").  Each of the Debtor, Legal Aid, and the City are a "Party" and collectively the "Parties."  In consideration of the respective promises, representations, warranties, and acknowledgments set forth below, the Parties agree as follows:

**RECITALS**

WHEREAS, on February 20, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for chapter 11 relief under the Bankruptcy Code with the United States Bankruptcy Court for the District of New Jersey (the "Court").

WHEREAS, the Debtor's chapter 11 case (the "Chapter 11 Case") is designated as a single asset real estate and is governed by the statutes and rules associated with such designations.

WHEREAS, the Debtor continues in possession of its property and the management of its business affairs as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS, no trustee, examiner or statutory committee has been appointed.

WHEREAS, the Debtor is the owner of the real property located at 521, 525 and 529 Sawyer Boulevard, Columbus, Ohio 43203 (the "Property").

WHEREAS, on or about August 16, 2021, the Debtor, as borrower, entered into a certain loan facility in an amount of up to $15,886,000 (plus all applicable interest, fees, costs and

Case 23-11337-CMG    Doc 170    Filed 08/15/23    Entered 08/15/23 11:27:38    Desc Main
Document    Page 10 of 20

Page: 3
Debtor: Paxe Latitude LP
Case No.: 23-11337 (CMG)
Caption: STIPULATION AND AGREED ORDER BETWEEN THE DEBTOR, LEGAL AID SOCIETY OF COLUMBUS, AND THE CITY OF COLUMBUS, WITH REGARD TO FORMER TENANTS OF THE DEBTOR'S REAL PROPERTY

_____

expenses payable under the governing loan and security documents and applicable law (the "Lument Loan Documents" and the "Lument Claim") with Lument, as a successor in interest to Lument Structured Finance, LLC (f/k/a OREC Structured Finance Co., LLC), as lender to finance the Debtor's acquisition of the Property.

WHEREAS, in late December of 2022, as a result of damage to the Property all of the tenants (the "Tenants") at the Property were forced to vacate the Property and leave their belongings behind.

WHEREAS, on January 9, 2022, the City commenced an action against the Debtor and others for preliminary and injunctive relief (the "Environmental Action") in the Municipal Court, of Franklin County, Ohio Environmental Division.

WHEREAS, on February 16, 2023, the court in the Environmental Action entered an order finding the Debtor in contempt and fining the Debtor in excess of $4 million (the "Environmental Judgment").

WHEREAS, Legal Aid is representing the Tenants, or a portion thereof, in connection with the Property and their removal from same.

WHEREAS, on February 28, 2023, the City filed a motion with this Court seeking, among other things, to dismiss the Chapter 11 Case [Docket No. 15] (the "City Dismissal Motion").

WHEREAS, on March 3, 2023, Lument filed a motion with this Court seeking, among other things, to dismiss the Chapter 11 Case [Docket No. 22] (the "Lument Dismissal Motion").

Page:  4
Debtor: Paxe Latitude LP
Case No.: 23-11337 (CMG)
Caption: STIPULATION AND AGREED ORDER BETWEEN THE DEBTOR, LEGAL AID SOCIETY OF COLUMBUS, AND THE CITY OF COLUMBUS, WITH REGARD TO FORMER TENANTS OF THE DEBTOR'S REAL PROPERTY

_____

WHEREAS, following hearings, this Court denied both the City Dismissal Motion and the Lument Dismissal Motion – but held open Lument's and the City's request for stay relief, and the City's request for appointment of a Chapter 11 trustee or conversion of the Debtor's case to Chapter 7.

WHEREAS, on June 9, 2023, Lument filed a renewed motion to dismiss the Chapter 11 Case or alternatively lift the automatic stay, and a request for adequate protection [Docket No. 121] (the "Renewed Lument Dismissal Motion").

WHEREAS, a continued hearing is scheduled with regard to the Renewed Lument Dismissal Motion for August 15, 2023.

WHEREAS, the Debtor desires to settle with the Tenants and the City as set forth herein.

WHEREAS, in order to accommodate the Debtor's settlement with the Tenants and the City, the City is willing to provide certain concessions as set forth herein.

WHEREAS, the Debtor has obtained a binding commitment for debtor-in-possession financing with regard to the funding of the Tenant Fund (as defined below) from CJI LLC, or an entity to be created thereby, subject to the terms and conditions set forth in the debtor in possession financing commitment letter and Bankruptcy Court approval.

WHEREAS, subject to the Court's approval of this Stipulation and Agreed Order, the Parties have negotiated a settlement as set forth herein.

NOW THEREFORE, the Parties hereby stipulate and agree, subject to approval by the Court, as follows:

Page: 5
Debtor: Paxe Latitude LP
Case No.: 23-11337 (CMG)
Caption: STIPULATION AND AGREED ORDER BETWEEN THE DEBTOR, LEGAL AID SOCIETY OF COLUMBUS, AND THE CITY OF COLUMBUS, WITH REGARD TO FORMER TENANTS OF THE DEBTOR'S REAL PROPERTY

_____

1. The recitals set forth above are incorporated herein as if set forth herein at length.

2. Within three (3) business days of the Court's approval of this Stipulation and Agreed Order and such becoming a final non-appealable order, the Debtor shall pay to Legal Aid $1,525,000 (the "Tenant Fund").

3. To the extent not already done, contemporaneously with the motion seeking approval of this Stipulation and Agreed Order, the Debtor shall file a motion seeking to retain New Perspective Asset Management ("NPAM") to supervise the return of property to the Tenants, to vet and supervise contractors, and serve as a liaison between the Debtor and City, and the Debtor will set aside $100,000 in funds to be earmarked for payment of NPAM's fees (for the avoidance of any doubt, any fees owing to NPAM in excess of the $100,000 for services related directly to the return of tenant property, earmarked, will be paid out of the Tenant Fund).

4. Within seven (7) business days of the Court's approval of this Stipulation and Agreed Order and such becoming a final non-appealable order, the Debtor will publish, at its own expense, in the Columbus (Ohio) Dispatch, the terms of the settlement contemplated herein.

5. The publication shall set forth the following procedure regarding the settlement:

    a. Within forty-five (45) days of the last publication of the settlement, the Tenants will be obligated to contact ▓▓▓▓▓▓▓▓▓ to advise that such tenant is NOT willing to participate in the settlement and the Tenant Fund. Those Tenants that do not specifically opt out of the settlement and participation in the Tenant Fund will be deemed to have accepted such settlement and shall be bound by the settlement.

    b. Notice of the settlement proposed herein shall be provided separately to all known tenants and shall be in form and substance substantially similar to Exhibit A attached hereto. Such notice shall provide the tenants with a

Page:   6
Debtor: Paxe Latitude LP
Case No.: 23-11337 (CMG)
Caption: STIPULATION AND AGREED ORDER BETWEEN THE DEBTOR, LEGAL AID SOCIETY OF COLUMBUS, AND THE CITY OF COLUMBUS, WITH REGARD TO FORMER TENANTS OF THE DEBTOR'S REAL PROPERTY

---

summary of the operative terms of this Stipulation and Agreed Order, including how settlement funds will be distributed and by whom, the tenant's option to participate or opt-out of the settlement, the differences between the two options, how the tenants can opt out, and the deadline for doing so.

c. Should a tenant opt to NOT participate in the settlement and Tenant Fund, such tenant will be provided with a proof of claim form and given thirty (30) days to file a proof of claim against the Debtor – which claim shall be, following allowance, limited to a general unsecured claim against the Debtor and its estate.

d. Those tenants that participate (the "Participating Tenants")[1] in the settlement and Tenant Fund, will be deemed to release the Debtor as set forth in the release provision below.

e. If any funds due and payable to the Participating Tenants are unclaimed or undeliverable, such funds shall be ratably redistributed to Participating Tenants.

6. In consideration of the Tenant Fund and the tenants' right to participate in same, the adequacy and sufficiency of which are hereby acknowledged, each of the Participating Tenants voluntarily, irrevocably and unconditionally release, acquit and forever discharge the Debtor and its former, current and future parents, affiliates, predecessors, (and affiliates of predecessors), subsidiaries, successors, indemnitors, indemnitees, assigns and their former, current and future directors, officers, shareholders, agents, employees, attorneys, representatives, heirs, estate, executors and administrators, whether acting in their individual or official capacities, and all

---

[1] Participating Tenants shall be those that were living at the Property in late December of 2022 at the time of the damage to the Property described in the whereas clause above or as otherwise determined by LASC within its sole discretion.

Page:  7
Debtor: Paxe Latitude LP
Case No.: 23-11337 (CMG)
Caption: STIPULATION AND AGREED ORDER BETWEEN THE DEBTOR, LEGAL AID SOCIETY OF COLUMBUS, AND THE CITY OF COLUMBUS, WITH REGARD TO FORMER TENANTS OF THE DEBTOR'S REAL PROPERTY

_____

persons acting by, through or in concert with any of them, and all of their successors and assigns (collectively, the "Released Parties"), from any and all claims, demands, losses, liabilities, and causes of action of any type, including but not limited to injury, clean up or possession removal costs, or otherwise, arising from the beginning of time to the date that this Stipulation and Agreed Order is approved by the Court (the "Claims"), to the extent the Claims relate to or arise out of or in conjunction with the Environmental Action; and further agree that such Participating Tenants shall be precluded from seeking any damages or recovery from any insurance policies.  of any of the Released Parties.

7. Within one (1) business day of the Debtor funding the Tenant Fund, (i) the City shall withdraw the City Dismissal Motion without prejudice, and (ii) the City shall consent to the reduction of the Environmental Judgment by the $2.5 million contempt fine as set forth in § (II)(2) of the judgment on account of the fund to compensate tenants, but reserves all rights with respect to its claims on account of any other portion of the Environmental Judgment or otherwise. Notwithstanding the foregoing, the City reserves its rights to pursue any other claim including other portions of the Environmental Judgment as appropriate, and the Debtor reserves its rights to challenge any such claims as it deems appropriate.

8. Any and all claims and/or interests arising from or related to the funding for the Tenant Fund shall at all times be junior to the Lument Claim and none of the persons or entities providing funding for the Tenant Fund shall: (a) seek or obtain any interest in Lument's collateral under the Lument Loan Documents, including the Property, senior in payment or priority to the

Page:   8
Debtor: Paxe Latitude LP
Case No.: 23-11337 (CMG)
Caption: STIPULATION AND AGREED ORDER BETWEEN THE DEBTOR, LEGAL AID SOCIETY OF COLUMBUS, AND THE CITY OF COLUMBUS, WITH REGARD TO FORMER TENANTS OF THE DEBTOR'S REAL PROPERTY
_____

first priority mortgage and security interests securing the Lument Claim in connection with the Debtor's bankruptcy estate, or otherwise.

9.     Nothing in this Stipulation and Agreed Order shall affect, modify, limit, waive, impair, prejudice, release, or discharge, or have any preclusive effect on, any of the Lument Loan Documents or Lument's rights, interests, mortgages, liens, claims, and causes of action against the Property, the Debtor, and all other persons and entities, including, without limitation, the Debtor's former and current predecessors, affiliates, subsidiaries, successors, assigns, members, managers, partners, managers of its general partner, directors, officers, agents, employees, and representatives.

10.    This Stipulation and Agreed Order may be executed in counterparts, each of which shall be deemed to be an original.  A copy of this Stipulation and Agreed Order shall be deemed to be valid and binding as if it was an original.  The signature of any signatory to this Stipulation and Agreed Order may be executed through the use of facsimile transmission or by way of PDF as an attachment to an email, in which case the signature on this Stipulation and Agreed Order shall be effective as if an original signature were affixed hereto,  and may be relied upon by the Parties hereto.

11.    This Stipulation and Agreed Order constitutes the entire agreement of the Parties with respect to the subject matter hereof and supersedes and replaces any prior communications, negotiations, agreements and understandings, whether written or oral, between the Parties with respect to the subject matter hereof.

Page: 9
Debtor: Paxe Latitude LP
Case No.: 23-11337 (CMG)
Caption: STIPULATION AND AGREED ORDER BETWEEN THE DEBTOR, LEGAL AID SOCIETY OF COLUMBUS, AND THE CITY OF COLUMBUS, WITH REGARD TO FORMER TENANTS OF THE DEBTOR'S REAL PROPERTY

_____

12. This Stipulation and Agreed Order may not be modified, terminated, or vacated without the written consent of all Parties or further order of the Court.

13. Each individual who signs this Stipulation and Agreed Order on behalf of a Party represents and warrants that he or she has been duly authorized to sign this Stipulation and Agreed Order and has the authority to bind the respective entity to the terms and conditions of this Stipulation and Agreed Order.

14. Except as otherwise specifically provided for herein, nothing contained in this Stipulation and Agreed Order shall create any rights, remedies or defenses in favor of any person or entity that is not a Party hereto.

15. Each of the Parties acknowledges that it has requisite authority to enter into this Stipulation and Agreed Order and has had a full and fair opportunity to confer with counsel of its choice regarding the meaning and import of the terms of this Stipulation and Agreed Order and that this Stipulation and Agreed Order has been negotiated at arms' length. The Parties further agree that, for all purposes, this Stipulation and Agreed Order shall be deemed to have been drafted jointly by the Parties hereto.

16. 14. This Stipulation and Agreed Order is subject in all respects to approval by the Court, and will be of no force and effect unless and until it is approved and entered by the Court, failing which it will be null and void.

17. The Court will retain jurisdiction to resolve any disputes or controversies that may arise from this Stipulation and Agreed Order.

Page: 10
Debtor: Paxe Latitude LP
Case No.: 23-11337 (CMG)
Caption: STIPULATION AND AGREED ORDER BETWEEN THE DEBTOR, LEGAL AID SOCIETY OF COLUMBUS, AND THE CITY OF COLUMBUS, WITH REGARD TO FORMER TENANTS OF THE DEBTOR'S REAL PROPERTY

_____

IN WITNESS HEREOF, the Parties have executed, or caused this Stipulation and Agreed Order to be executed, by their duly authorized representatives as of the date set forth above.

**A.Y. STRAUSS LLC**

By: */s/ Eric H. Horn*
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
Maria A.G. Harper, Esq.
101 Eisenhower Parkway, Suite 412
Roseland, New Jersey 07068
Tel. (973) 287-5006
Fax  (973) 226-4104

*Counsel to the Debtor and Debtor in Possession*

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Fred Stevens*
Fred Stevens (pro hac vice)
Christopher J. Reilly
200 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245

*Counsel for the Lawful Representative of the City of Columbus, Ohio*

**CHIESA SHAHINIAN & GIANTOMASI PC**

By: */s/ Scott Zuber*
Scott Zuber, Esq.
105 Eisenhower Parkway
Roseland, New Jersey 07068
Tel. (973) 530-2046
Fax  (973) 530-2246

*Counsel for Legal Aid Society of Columbus, Ohio*

## **EXHIBIT B**

Proposed Order

8

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1** |
| **A.Y. STRAUSS LLC**<br>Eric H. Horn, Esq.<br>Heike M. Vogel, Esq.<br>101 Eisenhower Parkway, STE 412<br>Roseland, New Jersey 07068<br>Tel:  (973) 287-0966<br>Fax:  (973) 226-4104<br><br>*Counsel to the Debtor and*<br>*Debtor-in-Possession* |

| | |
|---|---|
| In re:<br><br>Paxe Latitude LP,<br><br>　　　　　　　Debtor. | Chapter 11<br><br><br><br>Case No. 23-11337 (CMG) |

**ORDER APPROVING DEBTOR'S MOTION FOR ENTRY
OF AN ORDER APPROVING THE DEBTOR'S
<u>SETTLEMENT WITH ITS FORMER TENANTS</u>**

　　　　The relief set forth on the following page, numbered two (2) through two (2), is hereby

**ORDERED.**

Page: 2
Debtor: Paxe Latitude LP
Case No.: 23-11337 (CMG)
Caption: DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING THE DEBTOR'S SETTLEMENT WITH ITS FORMER TENANTS

---

Upon consideration of the Debtor's motion to approve a settlement with its former tenants (the "***Motion***");[1] and the matter having come before this Court on August 15, 2023 (the "***Hearing***"); and notice of the Motion and Hearing are proper based on the emergent nature of this matter; and due consideration having been given to any responses filed thereto; and upon the record established at the hearing; and sufficient cause having been shown therefor, it is hereby

**ORDERED**, that the terms of the Settlement Agreement are hereby approved; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 9019, the Debtor is authorized to enter into and perform under the Settlement Agreement, and perform, execute, and deliver all documents, and take all actions, necessary to immediately continue and fully implement the Settlement Agreement in accordance with the terms, conditions, and agreements set forth or provided for therein; and it is further

**ORDERED**, that the Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.