**SILLS CUMMIS & GROSS P.C.**
Andrew H. Sherman
Boris I. Mankovetskiy
Michael Savetsky
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973) 643-7000
asherman@sillscummis.com
bmankovetskiy@sillscummis.com
msavetsky@sillscummis.com

*Attorneys for Lument Commercial Mortgage Trust*

Order Filed on September 1, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| Paxe Latitude LP, | Case No. 23-11337 (CMG) |
| Debtor. | Hearing Date: August 30, 2023 at 10:00 a.m. |

**ORDER DISMISSING THE DEBTOR'S CHAPTER 11 CASE**

The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

**DATED: September 1, 2023**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

9891838

Page:      2
Debtors:   Paxe Latitude LP
Case No.:  23-11337 (CMG)
Caption:   Order Dismissing the Debtor's Chapter 11 Case

---

Upon consideration of the motion (the "Renewed Motion") [Doc. No. 121] of Lument Commercial Mortgage Trust ("Lument") for entry of an order (a) dismissing this bankruptcy case (the "Chapter 11 Case") pursuant to 11 U.S.C. § 1112(b), or (b) in the alternative, granting Lument relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to allow Lument to pursue all available rights and remedies in the Foreclosure Action, in the Environmental Actions, and under the Loan Documents (each as defined in the Renewed Motion), the *Certification of James O'Toole*, filed in support of the Original Lument Motion[1] [Doc. No. 22-2 and Exhibits thereto] and incorporated by reference in its entirety in the Renewed Motion, the *Certification Regarding Calculation of Amount Due* [Doc. No. 136] filed by Lument in further support of the Renewed Motion, and the *Supplement to Lument Commercial Mortgage Trust's (I) Renewed Motion to Dismiss Debtor's Bankruptcy Case or, in the Alternative, for Relief From the Automatic Stay, and (II) Request for Adequate Protection* [Doc. No. 137]; and the Court having considered the *Debtor's Objection to Lument Commercial Trust's (I) Renewed Motion to Dismiss Debtor's Bankruptcy Case or, in the Alternative, for Relief From the Automatic Stay and (II) Request for Adequate Protection* [Doc. No. 139]; and the Court having held hearings with respect to the Renewed Motion on June 26, 2023, August 1, 2023, August 15, 2023 and August 30, 2023 (collectively, the "Hearing"); and upon the evidence adduced and proffered and the arguments of counsel made at the Hearing; and upon the complete record of the Chapter 11 Case; and after due

---

[1] Lument filed its *Motion to Dismiss Case or for Relief from the Automatic Stay* (the "Original Lument Motion") [Doc. No. 22] on March 3, 2023. The Court entered an order on March 22, 2023 [Doc. No. 68] denying the Original Lument Motion, without prejudice, solely as to Lument's request for dismissal of this Chapter 11 case on grounds different from those raised in this Renewed Motion.

9891838

| | |
|---|---|
| Page: | 3 |
| Debtors: | Paxe Latitude LP |
| Case No.: | 23-11337 (CMG) |
| Caption: | Order Dismissing the Debtor's Chapter 11 Case |

deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor; the Court hereby makes the following:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.     Findings of Fact and Conclusions of Law. The findings and conclusions set forth herein, together with the findings of fact and conclusions of law set forth in the record of the Hearing, constitute this Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable to these proceedings pursuant to Bankruptcy Rules 7052 and 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact; they are adopted as such.

B.     Chapter 11 Petition. On February 20, 2023 (the "Petition Date") the Debtor filed a petition commencing the Chapter 11 Case.

C.     Jurisdiction and Venue. This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157(a) and 1334. Venue of this proceeding and the Chapter 11 Case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

D.     Judicial Notice. This Court takes judicial notice of the docket in the Chapter 11 Case maintained by the clerk of the Court, including all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered, submitted, or adduced at the hearings held before this Court during the Chapter 11 Case.

E.     Insurance Proceeds. All potential insurance proceeds from the Debtor's property insurance policy with Great American Insurance Company (Policy Number: MAC

9891838

Page:        4
Debtors:     Paxe Latitude LP
Case No.:    23-11337 (CMG)
Caption:     Order Dismissing the Debtor's Chapter 11 Case

---

E600543 02) for the policy period of June 30, 2022 to June 30, 2023 (the "Policy") belong to Lument until Lument is paid in full pursuant to the loan agreement between Lument and the Debtor, dated as of August 16, 2021 (the "Loan Agreement") and all related documents and agreements (together with the Loan Agreement, the "Loan Documents"). For avoidance of doubt no portion of the proceeds of the Policy shall constitute property of the Debtor or the Debtor's bankruptcy estate pursuant to section 541(a) of the Bankruptcy Code or otherwise unless and until Lument's claims against the Debtor are first satisfied in full in accordance with the Loan Documents.

   F. <u>Legal Authority</u>. GC Realty Advisors, LLC and David Goldwasser (on its behalf) lacked authority to sign the Written Consent purporting to authorize the Debtor's filing of the Chapter 11 case, and Mr. Goldwasser lacked authority to sign the Debtor's bankruptcy petition. GC Realty Advisors, LLC and Mr. Goldwasser had no authority to act on behalf of the Debtor because the removal of Boruch Drillman as the manager of Paxe Latitude GP LLC (the Debtor's general partner) and the appointment of GC Realty Advisors, LLC as the purported replacement manager of Paxe Latitude GP LLC violated the express terms of the Limited Liability Company Operating Agreement of Paxe Latitude GP. Lument was not consulted with and did not consent to either the removal of Mr. Drillman as the "Managing Member" of Paxe Latitude GP LLC or the appointment of GC Realty Advisors LLC as the purported replacement manager of Paxe Latitude GP LLC.  Because GC Realty Advisors, LLC and Mr. Goldwasser had no authority to act on behalf of the Debtor in any capacity, the Debtor's bankruptcy petition was filed without requisite legal authority.

9891838

| | |
|---|---|
| Page: | 5 |
| Debtors: | Paxe Latitude LP |
| Case No.: | 23-11337 (CMG) |
| Caption: | Order Dismissing the Debtor's Chapter 11 Case |

G.  Cause for Dismissal of the Chapter 11 Case. Lument has demonstrated cause under section 1112(b)(1) of the Bankruptcy Code for dismissal of the Chapter 11 Case based on, without limitation, (i) the fact that the Debtor's bankruptcy petition was filed without requisite legal authority, (ii) a substantial or continuing loss to or diminution of the Debtor's estate and the absence of a reasonable likelihood of rehabilitation, and (iii) the Debtor's gross mismanagement of its estate, including the Debtor's ongoing violations of Ohio and City of Columbus, Ohio laws.

Based on the foregoing findings, and on the record made before the Court at the Hearing, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Chapter 11 Case is hereby dismissed for cause pursuant to section 1112(b)(1) of the Bankruptcy Code.

2. Lument agrees that it shall use the first $1.5 million of proceeds of the Policy that it actually receives from Great American Insurance Company to fund a settlement with Legal Aid Society of Columbus, Ohio ("Legal Aid") on behalf of the former tenants (the "Tenants") of the Debtor's property located at 521, 525 and 529 Sawyer Boulevard, Columbus, Ohio 43203 (the "Property") that creates a fund of up to $1.5 million for the benefit of the Tenants, to be managed by Legal Aid to provide compensation to such Tenants for losses and/or damages sustained as a result of being displaced from the Property, on terms and conditions to be agreed upon between Lument and Legal Aid.

3. For the avoidance of doubt, the terms of this Court's prior Order Vacating the Automatic Stay in the Chapter 11 Case shall remain in full force and effect.

9891838

Page:     6
Debtors:  Paxe Latitude LP
Case No.: 23-11337 (CMG)
Caption:  Order Dismissing the Debtor's Chapter 11 Case

---

4. This Court shall retain jurisdiction to the extent necessary to interpret or enforce the terms of this Order.

9891838